1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ALEXANDER D. SEVILLET,                )
                                      )
                    Plaintiff,        )        2:11-cv-00761-PMP-CWH
                                      )
vs.                                   )        <u>ORDER</u>
                                      )
DWIGHT NEVEN, *et al.*,               )
                                      )
                    Defendants.       )
_____)

This matter is before the Court on Defendants' Motion to Strike Plaintiff's First Set of Interrogatories and First Request for Production of Documents (#31), filed October 25, 2011. The Court will also consider Plaintiff's Motion for Identification of John Does (#29), filed October 20, 2011.

**1. Defendants' Motion to Strike (#31)**

By way of this motion, Defendants Isidro Baca, Dwight Neven, Cole Morrow, and Anthony Ritz ("Defendants") request that the Court strike Plaintiff's first set of interrogatories (#26) and first set of requests for production (#27). The Court will grant Defendants request that the Court strike the discovery requests from the docket. Local Rule 26-8 provides that "[u]nless otherwise ordered by the Court, written discovery, including responses thereto, and deposition transcripts, shall not be filed with the Court."

To the extent that Defendants request that the discovery be stricken and Defendants not be required to respond, the request is denied. Defendants are correct that a scheduling order has not been entered in this matter and that discovery may not be had unless and until authorized by the court. Nevertheless, the court-imposed 90-day stay for informal settlement discussions (#9) recently expired and, generally, a scheduling order should be entered within "thirty (30) days after the first defendant answers or otherwise appears." LR 16-1(b). Defendants' petition for

removal (#1) satisfies the "otherwise appears" language of LR 16-1(b).  Consequently, the Court will enter a scheduling order along with this order and Defendants shall have the normal time period for response to any prior served discovery requests as measured from the date the scheduling order is entered.

**2. Plaintiff's Motion for Identification of John Does (#29)**

Plaintiff's motion (#29) asks the Court to compel the Nevada Department of Corrections to provide the names of certain individuals.  Based on the record, it does not appear that the Nevada Department of Corrections is a party to this case.  Nor does it appear that a proper discovery request or Rule 45 subpoena has been served on the Nevada Department of Corrections.  There certainly is not any valid discovery request or Rule 45 subpoena attached to the motion.  *See* LR 26-7(a) ("All motions to compel discovery or for protective order shall set forth in full the text of the discovery originally sought and the response thereto, if any.").  Consequently, Plaintiff's request must be denied.  Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike Plaintiff's First Set of Interrogatories and First Request for Production of Documents (#31) is **granted in part and denied in part**.  The Clerk of Court shall strike Plaintiff's First Set of Interrogatories (#26) and Plaintiff's First Requests for Production (#27) from the record.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Identification of John Does (#29) is **denied**.

DATED this 31st day of October, 2011.

C.W. Hoffman, Jr.
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28