UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALEXANDER D. SEVILLET, | |
| Plaintiff, | 2:11-cv-00761-PMP-CWH |
| vs. | ORDER |
| DWIGHT NEVEN, *et al.*, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for an Order Compelling Discovery (#51), filed December 28, 2011, and Defendants' Opposition (#59), filed January 5, 2012.

Pursuant to Federal Rule of Civil Procedure 37, Plaintiff seeks an order compelling additional responses to several identified discovery requests. Defendants contend that the motion is premature because Plaintiff failed to adequately meet and confer prior to the motion being filed. Noting that they intend to serve Plaintiff with a letter outlining what they perceive as Plaintiff's own deficiencies in responding to discovery, Defendants suggest that requiring all parties to communicate prior to consideration of this motion to compel will likely resolve or narrow several of the disputes. Defendants also note that they have begun answering subsequent discovery requests and that the responses "may address some of Plaintiff's concerns" outlined in this motion.

As a general matter, prior to considering a motion pursuant to Rule 37 the court must be satisfied that the moving party made a good faith effort to resolve the dispute without court intervention. This requires, at a minimum, that the moving party initiate personal consultation with the non-responding party. *See* Fed. R. Civ. P. 37(a); *see also* LR 26-7(b). It also requires certification that the moving party has initiated the personal consultation. *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D.166, 171-72 (D. Nev. 1996). The certification must contain information sufficient so that the reviewing court "can pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *Fifty-Six Hope Rd.*

*Music, Ltd. v. Mayah Collections, Inc.*, 2007 LEXIS 43012 *13 (D. Nev.). Beyond mere certification, there is also a performance requirement. The moving party's counsel must initiate and engage in a two-way communication with the non-responding party to meaningfully discuss each contested discovery dispute in a sincere effort to avoid judicial intervention. *Id.*; *see also Shuffle Master, Inc.*, 170 F.R.D. at 172 (*citing Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118 (D. Nev. 1993). "A sincere effort to resolve the dispute occurs where both parties have presented the merits of their respective positions and meaningfully assessed the relative strengths of each." *Fifty-Six Hope Rd. Music, Ltd.* at *16 (emphasis added). It is clear from the face of Plaintiff's motion that he did not make an effort to meet and confer to resolve the discovery disputes at issue. There is no certification attached to the motion. Nor is there any indication that Plaintiff made any effort to informally resolve this matter before filing the motion.

The Court is mindful that the meet and confer process can be difficult for incarcerated litigants proceeding *pro se*. However, even an incarcerated *pro se* litigant must comply with the meet and confer requirements. *See Hunter v. Moran*, 128 F.R.D. 115, 116-17 (D. Nev. 1989) (the meet and confer requirements of the Federal Rules and Local Rules apply to an incarcerated party). Although merely sending a letter is generally insufficient to satisfy a party's obligations to meet and confer, the Court is willing to relax that standard under the circumstances in order to move this case forward. Thus, given Defendants' representation that it will be sending a letter to Plaintiff regarding Plaintiff's discovery responses, the Court will also require that Plaintiff confer with opposing counsel through a letter which specifically identifies all claimed deficiency in Defendants' discovery responses. If the parties remain unable to resolve their discovery disputes, this motion may be brought back before the Court. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for an Order Compelling Discovery (#51) is **denied without prejudice**.

DATED this 31st day of January, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

- 2 -